CONCURS IN PART AND DISSENTS IN PART, SAYING:
 {¶ 32} I respectfully dissent regarding the trial court's decision to grant summary judgment to Black River. As the Ohio Supreme Court has noted, "cases involving workplace intentional torts must be judged on the totality of the circumstances surrounding each incident." Gibson v.Drainage Products, Inc., 95 Ohio St.3d 171, 2002-Ohio-2008, at ¶ 27. In this case, the totality of the circumstances demonstrates material issues of fact regarding whether Mr. Cheriki's injury was substantially certain to occur. Mark Serranno testified that his tow motor did not have working lights or a horn. However clear Jeffrey Laird perceived the employees' understanding to be, the fact remains that Black River neither set a maximum rate of speed for tow motor operation nor marked areas in which the equipment could be operated. This is significant because Black River's early evaluation of the accident concluded that the accident must have been caused by Mr. Serrano's unsafe operation.
 {¶ 33} I also feel that Mr. Reed's expert report, considered in the light most favorable to the Estate, illustrates that there are issues of material fact on the element of substantial certainty. In his report, Mr. Reed noted that "[t]he permanent aisle and passageways inside the warehouse were not appropriately marked for mechanical handling equipment * * *. No organized passageways were evident during the inspection of the facility for pedestrian traffic to traverse about during their work tasks." He concluded that the manner in which he observed that Mr. Serrano prepared his load "would definitely obstruct his forward view" and *Page 22 
opined that Mr. Serrano "showed very little knowledge and skills[.]" Mr. Reed concluded that Black River "egregiously failed to provide a safe work place for both Ardeshir Cheriky [sic] and Mark Serrano."
 {¶ 34} Viewing the evidence in the light most favorable to the Estate, as this Court must do in reviewing a trial court's decision to grant summary judgment, I conclude that there are material issues of fact regarding whether Mr. Cheriki's injury was substantially certain to occur. I respectfully dissent. *Page 1